288 P.2d 456

**H. William NALDER, Catherine Nalder and H. William Nalder, Jr., Plaintiffs and Respondents,**

**v.**

**KELLOGG SALES COMPANY, a corporation, Defendant and Appellant.**

No. 8313.

Supreme Court of Utah.

Oct. 11, 1955.

Ray, Quinney & Nebeker, Salt Lake City, for appellant.

Richards, Bird & Bushnell, Salt Lake City, for respondents.

LEWIS, District Judge.

Action by respondents to recover damages which they allege occurred as the result of appellant's wrongful failure to release both real and chattel mortgages. The matter was tried to the court sitting without a jury who rendered judgment in favor of respondents without distinction between them in the sum of $90,950.10 after allowing credit by set-off for an admittedly unpaid debt secured by one of the mortgages in issue. The judgment is reversed and a new trial ordered.

In 1949, Nalder Sr. and Jr. entered into the turkey raising business, obtaining both feed and finances through an arrangement with the appellant company. In March 1949, Nalder Sr. and Jr. executed and delivered a chattel mortgage in favor of the Kellogg Company in the sum of $24,000. Mrs. Nalder did not participate in the financing arrangements, nor did she sign the chattel mortgage. In September, 1949, a real estate mortgage was obtained by the Kellogg Company in the sum of $4,000 signed by Mr. and Mrs. Nalder, Sr., but not by Nalder, Jr. This mortgage was deemed necessary by the Kellogg Company to secure the 1949 advances made to Nalder Sr. and Jr.

The turkeys raised by the Nalders in 1949 were sold in the spring of 1950 with a resulting loss to the Nalders of over $6,000, which amount remained unpaid to the Kellogg Company. Notwithstanding

this fact, the company financed the 1950 and 1951 operations of Nalder Sr. and Jr. in a manner similar to 1949. Chattel mortgages signed by Nalder Sr. and Jr. were obtained from time to time as were real estate mortgages signed by Mr. and Mrs. Nalder. The business proved more profitable in 1950 and 1951, and all moneys advanced during these years to Nalder Sr. and Jr. were repaid at some amounts paid upon the still existing 1949 deficit.

The Kellogg Company refused to finance the Nalders in 1952. At this time there were on record in favor of the Kellogg Company chattel mortgages executed by Nalder Sr. and Jr. in 1949, 1950 and 1951, and real estate mortgages executed by Mr. and Mrs. Nalder in 1949 and 1950 totaling $101,401.92. *Not one of the mortgages was ever released by the company until shortly before the instant case was filed in 1954, notwithstanding the fact that the 1949 deficit of some $6,000 was the only debt owing the company from the Nalders.*

■ In 1952 Nalder Jr. was unable to obtain financing for further turkey raising and turned to other pursuits. Nalder Sr. was unable to obtain financing upon his sole credit but obtained co-signers and participated in turkey raising upon a limited scale in 1952, 1953 and 1954. His success during these years was used by the trial court as the basis for determining the amount of damages awarded, not only to Nalder Sr.

but to Mrs. Nalder and Nalder Jr., as well. This was error, as was the court's failure at any time to distinguish between Nalder Sr., Nalder Jr., and Mrs. Nalder upon any of the basic requirements for a cause of action based upon wrongful failure to release mortgages. That this distinguishment between claimants must be carefully made is apparent. Mrs. Nalder was not a party to the chattel mortgages and cannot complain of any act of the Kellogg Company relative to them. The record is not clear as to whether the turkey raising activities in 1952, 1953 and 1954 were a joint operation of Nalder Sr. and Mrs. Nalder, or whether limited to Nalder Sr. In the absence of some definite financial interest in the business independent of the marital relationship, Mrs. Nalder's right to recover, at best, should be limited to nominal damages.

■ Nalder Jr. did not sign any of the real estate mortgages and consequently, any award to him for the Kellogg Company's failure to release these mortgages is without basis. Nor can he recover damages beyond the period when he actually engaged in, or tried to engage in, the turkey business.

■ Nalder Sr. was a party to both the real estate and chattel mortgages and appellant contends that because different statutory penalties [1] apply for wrongful failure to release such mortgages that it was incumbent upon the respondent to separate and prove separately his damages. We see

1. Titles 9-1-4 and 57-3-8, U.C.A. 1953.

no merit to this contention. One whose credit is damaged by the wrongful failure to release both real estate and chattel mortgages may, in exceptional cases, be able to satisfactorily prove elements of damage proximately caused by a particular unreleased mortgage. In such case damages should be awarded under the particular statute applicable. Generally such itemized proof will not be available for it is the combination of apparent indebtedness that destroys credit. Such difficulty of proof does not enure to the benefit of the wrongdoer to the extent of defeating the cause of action. The court should apply the rule that when either of two statutory penalties is equally applicable to a given set of facts the lesser of such penalties must be applied.

In addition to the matter discussed, which necessitates a re-trial of this case appellant makes many additional assignments of error, most of which are relative to admission of evidence and to the quality of proof. In view of the order of re-trial, such assignments need not here be considered as they may have no application upon re-trial.

Appellant's final contention is that respondents were never entitled to have any of the mortgages released because the original 1949 debt, it contends, continued during the entire financial dealings of the parties. Such would be the case only if a merger was not intended by the parties upon the execution of subsequent mortgages. The trial court found such a merger to have been intended, and his finding is well supported by the frank testimony of appellant's own witness that *it was the final real estate mortgage upon which the company relied for security.*

Costs to appellant.

McDONOUGH, C. J., and CROCKETT and HENRIOD, JJ., concur.

WORTHEN, J., not participating.

WADE, J., having disqualified himself, did not participate herein.